**Parmodh KUMAR, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 06–71143.**

United States Court of Appeals, Ninth Circuit.

cation and is not precedent except as provid-

Submitted July 9, 2007 *.

Filed July 16, 2007.

Ashwani K. Bhakhri, Esq., Law Offices of Ashwani K. Bhakhri, Burlingame, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Audrey B. Hemesath, Esq., Office of the U.S. Attorney, Sacramento, CA, OIL, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, THOMAS, and BERZON, Circuit Judges.

### MEMORANDUM **

Parmodh Kumar, a native and citizen of India, petitions for review of a decision by the Board of Immigration Appeals. The Board dismissed Kumar's appeal from the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

The Board conducted a de novo review of the IJ's oral decision. Our review is therefore limited to the Board's decision, "except to the extent that the IJ's opinion is expressly adopted." *Shah v. INS*, 220 F.3d 1062, 1067 (9th Cir.2000) (internal quotation marks omitted). We review whether the Board's conclusions are supported by substantial evidence. *Id.* We will grant the petition only if the evidence compels a contrary conclusion. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1185 (9th Cir.2006).

The Board found that, even if Kumar demonstrated past persecution, the government met its burden to establish by a preponderance of the evidence that internal relocation would be safe and reasonable under all the circumstances. Substantial evidence supports the Board's conclusion. *See Kaiser v. Ashcroft*, 390 F.3d 653, 659 (9th Cir.2004) (citing 8 C.F.R. § 1208.13(b)(3)). Kumar's testimony and the documentary evidence submitted by the government, collectively, does not compel the conclusion that Kumar's relocation to Mumbai would be unreasonable. *Cf. id.* at 659–60 (relocation unreasonable where petitioners received threats in multiple areas of Pakistan); *Cardenas v. INS*, 294 F.3d 1062, 1066 (9th Cir.2002) (guerillas threatened petitioner that they would find him wherever he went).

Because Kumar is ineligible for asylum, he necessarily fails to demonstrate eligibility for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Kumar's claim for CAT relief also fails. He did not present substantial supporting his belief that he would be unable to live elsewhere in India safely. *See Hasan v. Ashcroft*, 380 F.3d 1114, 1123 (9th Cir. 2004) (petitioners have burden under CAT "to show that internal relocation is not a possibility") (citing 8 C.F.R. § 208.16(c)(3)).

**PETITION FOR REVIEW DENIED.**

---

ed by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.